IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCELLUS TURNER,** | : | CIVIL ACTION NO. 1:21-CV-1552 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BRAD SHOEMAKER**, *et al.*, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case in which plaintiff Marcellus Turner, who is currently confined in the Lycoming County Prison, alleges that he has been denied access to the prison's law library and that the prison is not employing proper procedures to combat the COVID-19 pandemic. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and Turner will be granted leave to file an amended complaint.

**I.    Factual Background & Procedural History**

According to the allegations in Turner's complaint, Turner has been refused access to the law library in Lycoming County Prison from October 2020 to the present date. (Doc. 1 at 4). Turner alleges that the prison does not have a policy in place that allows prisoners to use the law library during the COVID-19 pandemic. (*Id.*) Turner alleges that he needs access to the law library to "aid in the defense of his case." (*Id.*) He does not allege any specific instances in which his lack of access to the law library has hindered his ability to litigate his case. (*See id.*) Turner

additionally alleges that the prison has allowed staff members and visitors to enter the prison without being tested for COVID-19.  (*Id.*)

Turner raises claims for violation of his right to due process, cruel and unusual punishment, retaliation, "malicious and evil intention," and intentional infliction of emotional distress.  (*Id.* at 5).  He seeks injunctive relief granting him immediate access to the law library and requiring the prison to comply with applicable COVID-19 standards from the Centers for Disease Control and Prevention.  (*Id.*)

II.  **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Turner brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Turner's first constitutional claim asserts that his right to due process has been violated by his lack of access to the prison law library.  Prisoner plaintiffs may state a due process claim upon which relief may be granted for lack of access to a law library, but the relevant inquiry is whether the lack of access has impeded the plaintiff's access to the courts.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  An

---

    **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        **(2)** seeks monetary relief from a defendant who is immune from such relief.

allegation that a plaintiff has been denied access to a law library is not by itself sufficient to state a claim upon which relief may be granted; the plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.  Thus, to state a claim upon which relief may be granted for lack of access to the courts based on denial of access to a prison law library, plaintiffs must allege that the lack of library access caused actual injury by hindering their ability to pursue a nonfrivolous legal claim.  See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); see also Millhouse v. Arabasak, 373 F. App'x 135, 137 (3d Cir. 2010); Snider v. Pa. Dep't of Corr., 503 F. Supp. 3d 360, 434 (M.D. Pa. 2020).

      Turner fails to state a claim upon which relief may be granted based on his lack of access to the prison's law library.  Turner alleges that prison law library access is necessary "to aid in the defense to his case," but he does not allege an actual injury to his access to the courts.  He does not make any specific allegations as to how the lack of library access has hindered the defense of his case or how it will hinder him in the future.

      Turner similarly fails to state a claim upon which relief may be granted based on the prison's response to the COVID-19 pandemic.  He alleges that the prison has visitors and staff members coming into the prison without being tested for COVID-19, but he does not allege that this has caused any danger to him as an individual, nor has he alleged that such a policy constitutes deliberate indifference to a serious risk to inmate health or safety.  See, e.g., Ali v. Kauffman, No. 1:20-CV-1462, 2021 WL 3929741, at *3 (M.D. Pa. Sept. 2, 2021) (noting that prisoner plaintiff bringing

civil rights claim based on exposure to COVID-19 must allege facts suggesting that defendants have been deliberately indifference to risks posed by COVID-19). Finally, Turner does not allege any facts that would support claims for intentional infliction of emotional distress, retaliation, or "malicious and evil intention." Accordingly, we will dismiss his complaint for failure to state a claim upon which relief may be granted.

We will, however, grant Turner leave to amend his complaint. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Leave to amend is appropriate here because Turner's claims are factually, rather than legally, deficient.

## IV.    Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and grant plaintiff leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 25, 2021